## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ALOFT MEDIA, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | **Civil Action No. 6:09-cv-291** |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **YAHOO!, INC. and** § | |
| **GOOGLE, INC.,** § | |
| § | |
| **Defendants.** § | |

### COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Yahoo!, Inc. ("Yahoo!") and Google, Inc. ("Google"), (collectively "Defendants") as follows:

### PARTIES

1. Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601.

2. Upon information and belief, Yahoo!, Inc. is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089. Yahoo! may be served with process through its Registered Agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

3. Upon information and belief, Google, Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043. Google may be served with process through its Registered Agent, Corporations Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

7. Aloft Media is the owner by assignment of United States Patent No. 7,529,795 ("the '795 patent") entitled "Message Board Aggregator." The '795 patent issued on May 5, 2009.

8. On information and belief, Yahoo! has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '795 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Yahoo!'s infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation the MyYahoo! website and application. Yahoo! is thus liable for infringement of the '795 patent pursuant to 35 U.S.C. § 271.

9. On information and belief, Google has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '795 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Google's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation the iGoogle website and application. Google is thus liable for infringement of the '795 patent pursuant to 35 U.S.C. § 271.

10. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such requirements have been complied with.

11. As a result of Defendants' infringement of the '795 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Aloft Media requests that this Court enter:

A. A judgment in favor of Aloft Media that Yahoo! and Google have directly infringed, and/or induced infringement by others, and/or contributed to the infringement by others of the '795 patent;

B. A judgment and order requiring Yahoo! and Google to pay Aloft Media its damages, costs, expenses, and prejudgment and post-judgment interest for their infringement of the '795 patent as provided under 35 U.S.C. § 284; and

C. Any and all other relief for which the Court may deem Aloft Media entitled.

## DEMAND FOR JURY TRIAL

Aloft Media, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

ATTORNEY FOR PLAINTIFF ALOFT MEDIA, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 8th day of July, 2009.

/s/ Eric M. Albritton
Eric M. Albritton